NEW ALBANY HOTEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7969. Promulgated August 22, 1927.

On the evidence of this case special assessment denied.

*Arthur H. Laws, Esq.*, and *R. M. Crane, C. P. A.*, for the petitioner. *W. H. Lawder, Esq.*, for the respondent.

This appeal is taken from the determination by the Commissioner of deficiencies aggregating $9,825.19 in income and excess-profits taxes for the calendar years 1919, 1920, and 1921. It is alleged that the Commissioner erred in failing to compute petitioner's excess-profits taxes for the taxable years under section 328, pursuant to the provisions of section 327 of the Revenue Acts of 1918 and 1921.

### FINDINGS OF FACT.

Petitioner is a Colorado corporation, organized on or about June 1, 1908, and is engaged in the operation of a commercial hotel in the City of Denver. At the time of incorporation petitioner issued capital stock in the amount of $144,903.54 for certain assets. The total outstanding capital stock issued upon incorporation was of the par value of $300,000, of which $20,000 was retired by the payment of cash in each of the years 1919, 1920, and 1921, or a total of $60,000 retired during the taxable years. Up to December 31, 1925, $120,000 of the capital stock had been retired. At the time petitioner was organized there was set up on its books an asset of good will in the amount of $144,903.54, and no increase in the value of good will is

reflected by the books. In his computation of invested capital the respondent allowed a value for good will to the extent of 25 per cent of the outstanding stock at the beginning of each of the taxable years.

The gross income (as to which respondent made no adjustment), net income, officers' salaries, invested capital, excess-profits tax and total tax of petitioner for each of the taxable years, as adjusted and computed by the respondent, are:

| | 1919 | 1920 | 1921 |
|---|---|---|---|
| Gross income | $445,746.79 | $554,195.21 | $492,511.61 |
| Net income | 63,404.31 | 84,640.28 | 43,933.55 |
| Officers' salaries | 8,510.00 | 8,465.00 | 7,740.00 |
| Invested capital | 211,512.51 | 184,534.04 | 199,106.08 |
| Excess profits tax | 12,917.02 | 22,922.21 | 5,823.48 |
| Total tax (normal and profits) | 17,706.86 | 28,827.49 | 9,634.49 |

| Ratios | 1919 | 1920 | 1921 |
|---|---|---|---|
| | Per cent | Per cent | Per cent |
| Officers' salaries to gross income | 1.90 | 1.52 | 1.57 |
| Net income to invested capital | 30.00 | 45.87 | 22.07 |
| Net income to gross income | 14.22 | 15.27 | 8.92 |
| Profits tax to net income | 20.37 | 27.08 | 13.26 |
| Total tax to net income | 27.93 | 34.06 | 21.93 |

In computing invested capital the respondent excluded therefrom the values claimed by petitioner for a leasehold and good will alleged to have been acquired for stock.

### OPINION.

VAN FOSSAN: Petitioner seeks the computation of its excess-profits taxes under section 328 of the 1918 and 1921 Revenue Acts, relying upon section 327(d) of said Acts for the relief sought. It is incumbent upon petitioner to establish that abnormal conditions affecting its capital or income existed before it is entitled to the benefit of these sections.

Upon this record we are unable to find that there existed abnormal conditions affecting petitioner's capital or income during the taxable years. So far as is disclosed by the evidence the invested capital was normal, officers' salaries were reasonable, and the net income, while substantial, was not an unusual or abnormal return on the investment. While the exclusion from invested capital of intangible assets, such as leaseholds and good will, might result in abnormalities, it must appear that such assets have a recognized and ascertained value, which does not appear from the evidence in this case. There is no evidence before us as to what are normal capital, normal income (gross or net), or normal executive salaries for a business of the character engaged in by petitioner.

We must hold, therefore, that petitioner has failed to establish any abnormalities affecting its capital or income that entitle it to the benefit of sections 327(d) and 328 of the Revenue Acts of 1918 and 1921.

*Judgment will be entered for the respondent.*

Considered by MARQUETTE, MILLIKEN, and PHILLIPS.